**[J-5-2020] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


IN RE: J.W.B. AND R.D.B., MINORS   :   No. 93 MAP 2019
  :
  :   Appeal from the Order of Superior
APPEAL OF: L.B., FATHER   :   Court at No. 215 MDA 2019 dated
  :   July 12, 2019, Reconsideration
  :   Denied August 29, 2019, Affirming
  :   the Decree dated January 4, 2019 by
  :   the Lycoming County Court of
  :   Common Pleas, Orphans' Court
  :   Division, at No. 6608.
  :
  :   ARGUED:  March 10, 2020


## CONCURRING AND DISSENTING OPINION


**JUSTICE WECHT**                           **DECIDED:  June 16, 2020**

I respectfully dissent.[1]

Section 2711 states, in pertinent part:

**(a) General rule.--**Except as otherwise provided in this part, consent to an adoption shall be required of the following:
*   *   *

(3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.
*   *   *

**(c) Validity of consent.--**No consent shall be valid if it was executed prior to or within 72 hours after the birth of the child.  A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child.  ***Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed.***  A consent to

---

[1]      I concur in the Majority's conclusion that the Superior Court erred in disregarding Father's challenge to the validity of his consent because it was raised outside of the time limits imposed by 23 Pa.C.S. § 2711.  I disagree with the Majority's decision to validate Father's consent nonetheless.

an adoption may only be revoked as set forth in this subsection. The revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished. The following apply:

> (1) Except as otherwise provided in paragraph (3):
>
> > (i) For a consent to an adoption executed by a birth father or a putative father, the consent is irrevocable more than 30 days after the birth of the child or the execution of the consent, whichever occurs later.
> > \* \* \*
>
> **(d) Contents of consent.--**
>
> > (1) The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the child, the name of the other parent or parents of the child and the following:
> > \* \* \*
> > (2) The consent shall include the date and place of its execution and names and addresses and signatures of at least two persons who witnessed its execution and their relationship to the consenter. The consent of an incarcerated parent of an adoptee may be witnessed by a correctional facility employee designated by the correctional facility. Any consent witnessed by a correctional facility employee shall list the address of the correctional facility on the consent.
> >
> > (3) In lieu of two witnesses a consent may be acknowledged before a notary public.

*Id.* (emphasis added).

Many will find the above-highlighted language highly unfortunate and inconvenient as applied to this particular case. I am among them. But there it is. Our mission is clear. We are to apply the statute, not to fix it. "'[W]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning,' we must give the statute this plain and obvious meaning." *Cagey v. Commonwealth*, 179 A.3d 458, 462-63 (Pa. 2018) (quoting *Mohamed v. Commonwealth Dep't of Transp.*, 40 A.3d 1186, 1194 (Pa. 2012)). Consternation justifiably may abound here, but there is no ambiguity. The plain language

of subsection 2711(c) provides that, if a consent is obtained outside of the Commonwealth, it will be deemed valid *if it is executed in accordance with the law of the jurisdiction in which it is given.* In this case, that jurisdiction is Colorado.

Plainly, as the Children's home state, Pennsylvania has the greater interest in their well-being. Yet, in cases when a birth parent gives putative consent to adoption while outside of Pennsylvania, our General Assembly has chosen to import the law of that jurisdiction to determine the validity of that consent. If the consent is not in compliance with that jurisdiction's law, then the consent is void *ab initio.* Like it or not, by statutory command, that means that there is no consent. And if there is no consent, then there is no consent to which the statutory time periods can or will apply.

The Majority chooses to find that the statute provides for an alternate means of determining whether a consent is valid. According to the Majority, to be valid pursuant to Section 2711, a consent must be executed *either* in accordance with Pennsylvania law *or* in accordance with the law of the jurisdiction in which the consent is obtained. This might be a salutary amendment. But we cannot make it. Statutory repairs and improvements lie beyond our powers. If the General Assembly wished to provide alternatives, it easily could have said so in the statute. If the Majority's wishes were the legislature's intent, subsection 2711(c) would read, "Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed or in accordance with subsection (d)." It would be that simple. But the General Assembly did not do so. The plain language of the statute refers only to the law of the other jurisdiction. Perhaps the legislators will fix the problem tomorrow. Perhaps not. We may not do their work for them in the meantime.

The Majority posits that subsection 2711(c) provides for the validity of a consent obtained in another jurisdiction to be measured by that jurisdiction's law because a parent in another jurisdiction may be unaware of what Pennsylvania requires for a valid consent or because the parent may be unaware that the parent's home jurisdiction's law would not apply. Maj. Op. at 20. Those may be good reasons to provide for importing the law from that other jurisdiction in determining the validity of a consent. But those reasons do not support the Majority's contention that Section 2711 provides for alternative methods of determining validity of consent. The plain language of the statute does not provide for alternative methods. Instead, a consent obtained outside Pennsylvania is valid when (and only when) it complies with the law of that jurisdiction.

Section 2711 does not import the entirety of the adoption law of another jurisdiction. The unambiguous language of the statute demonstrates that the General Assembly was concerned with other jurisdictions' laws only for purposes of determining the validity of the consent. *See* 23 Pa.C.S. § 2711(c) ("Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed.").[2]

The trial court heard testimony about the requirements of Colorado law. Yet it made no findings as to whether that testimony was credible, nor did it determine what weight that testimony was to be given. Instead, it focused upon the timing of Father's challenge to consent. Though I agree with the Majority that the timing is not determinative, I am bound by statute to hold that Father's consent must comply with

---

[2]     The Majority cites Colorado law to indicate that Colorado itself would only apply its adoption law if the child to be adopted is a Colorado resident or is present in the state at the time the consent is executed. *See* Maj. Op. at 20 n.7 (citing C.R.S.A. § 19-5-103(12)). That is beside the point. Whether Colorado would or would not apply its law to this case is not relevant since our General Assembly provided only that, for present purposes, Colorado law governs whether the consent was valid.

Colorado law in order to be valid. I would remand to the trial court to make the required findings in the first instance.